UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNCOAST NOVA LLC, etc., | ) Case No. SACV 14-0311 RNB |
| Plaintiff, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| PATTY VERA, etc., et al., | ) |
| Defendants. | ) |

On March 3, 2014, defendant Patty Vera, having been sued in what appears to be a routine unlawful detainer action in Orange County Superior Court, purported to file a Notice of Removal of that action to this Court.

Based on its review of the Notice of Removal and the attached underlying complaint in the unlawful detainer action, it appears to the Court that this action has not been properly removed for the following reasons:

    1.    For purposes of federal question jurisdiction under 28 U.S.C. § 1331, removability is determined from the face of the complaint. See, e.g., Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Here, the underlying unlawful detainer action does not rely on federal

law or give rise to a federal question. Defendant Vera's apparent belief that she may have a federal defense to the unlawful detainer action under the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA") is irrelevant, even under a preemption theory. See Gully v. First Nat. Bank, 299 U.S. 109, 116, 57 S. Ct. 96, 81 L. Ed. 70 (1936). The Court also notes that the Ninth Circuit has held that the PTFA does not create a private right of action. See Logan v. U.S. Bank Nat Ass'n, 722 F.3d 1163, 1169-73 (9th Cir. 2013).

    2.    Defendant Vera has not competently alleged facts supplying diversity jurisdiction. Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful detainer complaint recites that the amount in controversy does not exceed $10,000. Moreover, because defendant Vera resides in the forum state, the action is not subject to removal on basis of diversity jurisdiction. See 28 U.S.C. § 1441(b).

Defendant Vera therefore is ordered, on or before **March 21, 2014**, to show cause in writing why this action should not be remanded back to Orange County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

DATED: March 4, 2014

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE